**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3301-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

V.S.,

     Defendant-Appellant.

_____

Submitted March 2, 2021 – Decided April 23, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-10-1770.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Roseanne Sessa, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a January 8, 2020 order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing.[1] He contends that he was entitled to an evidentiary hearing on his claim that his trial counsel was ineffective in failing to discuss with him the requirements, restrictions, and penalties for violations of parole supervision for life (PSL). The record establishes that defendant was adequately advised that he would be subject to PSL because of the convictions to which he was pleading guilty. Accordingly, we affirm.

In 2014, defendant was charged with seven crimes, including second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). In a separate indictment, defendant was charged with fourth-degree failure to notify authorities of a change of address as required by Megan's Law, N.J.S.A. 2C:7-2(d)(1). Defendant had been sentenced to comply with restrictions under Megan's Law on a prior conviction.

In 2015, defendant pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and fourth-degree failure to notify authorities of a change of address under Megan's Law.

---

[1] Given that defendant's convictions involve sex crimes, we use initials in the caption to protect privacy interests. See R. 1:38-3(c).

Before pleading guilty, defendant reviewed, initialed, and signed plea forms that expressly informed defendant that the conviction for third-degree endangering the welfare of a child would include PSL and what PSL involved. During the plea colloquy with the trial judge, the judge confirmed that defendant had reviewed and understood those forms, including the form that notified him of and discussed PSL. The judge also confirmed that defendant understood what PSL was and had no questions. The judge then accepted defendant's guilty pleas. Thereafter, defendant was sentenced in accordance with his plea agreement to a suspended term of five years in prison on the third-degree conviction. Defendant was also sentenced to PSL and required to undergo an Avenel evaluation. See N.J.S.A. 2C:47-1.

Defendant did not file a direct appeal. Instead, in 2019, he filed a petition for PCR contending that his plea counsel was ineffective in failing to fully explain PSL to him. Judge Mitzy Galis-Menendez, who was the same judge who accepted defendant's guilty plea and sentenced him, heard oral arguments on defendant's PCR petition. On January 8, 2020, Judge Galis-Menendez issued a written opinion and order denying defendant's PCR petition. In her opinion, Judge Galis-Menendez correctly identified the governing law concerning a showing of ineffective assistance of counsel and when an evidentiary hearing is

warranted. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard in New Jersey); R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013); State v. Preciose, 129 N.J. 451, 462-63 (1992). She also correctly reviewed the record and summarized how it rebutted defendant's contention.

On appeal, defendant argues:

> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO DISCUSS THE REQUIREMENTS, RESTRICTIONS AND PENALTIES FOR VIOLATION OF PSL WITH HIM.

Having conducted a de novo review of the record, we reject this argument substantially for the reasons explained by Judge Galis-Menendez in her well-reasoned and thorough written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3301-19